James R. Touchstone, SBN 184584
jrt@jones-mayer.com
Denise Lynch Rocawich, SBN 232792
dlr@jones-mayer.com
JONES MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendants, SHERIFF MATTHEW KENDALL and COUNTY OF MENDOCINO

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL JAMES, EUNICE SWEARINGER, STEVE BRITTON, and ROUND VALLEY INDIAN TRIBES,<br><br>Plaintiffs,<br><br>vs.<br><br>MATTHEW KENDALL, Sheriff of Mendocino County; COUNTY OF MENDOCINO; WILLIAM HONSAL, Sheriff of Humboldt County; JUSTIN PRYOR, deputy of Humboldt County Sheriff's Office; COUNTY OF HUMBOLDT; SEAN DURYEE, Commissioner of the California Highway Patrol; CALIFORNIA HIGHWAY PATROL; and DOES 1 through 50,<br><br>Defendants. | Case No.: 25CV-03736-RMI<br>Judge: Hon. Robert M. Illman<br><br>**DEFENDANTS SHERIFF KENDALL AND COUNTY OF MENDOCINO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with:<br>(1) [Proposed] Order; and<br>(2) Certification of Interested Parties.]<br><br>Date: July 15, 2025<br>Time: 11:00 a.m.<br>Crtrm: 1 |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 15, 2025, at 11:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 1 of the above-entitled Court, located at 3140 Boeing Ave., McKinleyville, CA 95519, Defendants, COUNTY OF MENDOCINO and SHERIFF MATTHEW KENDALL will, and hereby do, move to dismiss Plaintiffs' Complaint for Declaratory and Injunctive Relief and Money Damages in the above-captioned matter.

Defendants bring this Motion pursuant to Federal Rule of Civil Procedure 12(b)(1), on the grounds that the Court lacks subject matter jurisdiction in that Plaintiffs lack standing to seek a declaration or injunction because they have failed to allege an imminent future injury, have failed to plead any federal law enabling them to maintain this action and that federal common law does not establish the right alleged by Plaintiffs. Additionally, County of Mendocino and Sheriff Kendall bring this Motion pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that:

- The Fourth Claim for Relief must be dismissed as failing to state facts sufficient to constitute a claim for relief

- The Third and Seventh Claims for Relief as against Mendocino County should be dismissed because a county cannot be liable under section 1983 on the basis of *respondeat superior* liability

- The Third and Seventh Claims for Relief as to Sheriff Kendall in his official capacity must be dismissed because Sheriff Kendall is a redundant defendant

- The Fifth and Sixth Claims for Relief must be dismissed as against Sheriff Kendall in his individual capacity because they fail to state facts sufficient to constitute a claim for relief

- The Fifth and Sixth Claims for Relief must be dismissed against the

County of Mendocino and Sheriff Kendall in his official capacity for failure to allege facts showing compliance with or excuse from the Tort Claims Act
● The Sixth Claim for Relief must be dismissed against the County of Mendocino and Sheriff Kendall in his official capacity for failure to allege a statutory basis for liability

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the file and records in this case, and whatever further argument the Court deems just and proper to entertain at the hearing on this Motion.


Dated:  June 2, 2025                           Respectfully submitted,

                                               JONES MAYER


                                               By: *s/ Denise Lynch Rocawich*
                                               JAMES R. TOUCHSTONE
                                               DENISE LYNCH ROCAWICH
                                               Attorneys for Defendants County of
                                               Mendocino and Sheriff Matthew
                                               Kendall

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES.............................................1

I.    INTRODUCTION..................................................................................1

II.   STATEMENT OF RELEVANT FACTS ALLEGED
      IN COMPLAINT ..................................................................................1

III.  LEGAL STANDARD ...........................................................................3

      A.    Dismissal Under Federal Rule of Civil Procedure 12(b)(1) ................3

      B.    Dismissal Under Federal Rule of Civil Procedure 12(b)(6) ................4

IV.   THE FIRST AND SECOND CLAIMS FOR RELIEF FOR
      DECLARATORY AND INJUNCTIVE RELIEF SHOULD
      BE DISMISSED FOR LACK OF SUBJECT MATTER
      JURISDICTION ....................................................................................5

      A.    Plaintiffs Lack Standing to Seek a Declaration or
            Injunction Because They Have Failed to Allege an
            Imminent Future Injury.........................................................5

      B.    Plaintiffs Have Failed to Plead Any Federal Law
            Establishing Jurisdiction  to Maintain This Action ..............................7

      C.    Federal Common Law Does Not Establish a Right
            on the Part of Plaintiffs to be Free From Criminal
            Process and Therefore Leave to Amend Should Not
            be Granted .........................................................................9

V.    THE FOURTH CLAIM FOR RELIEF MUST BE
      DISMISSED AS FAILING TO STATE FACTS
      SUFFICIENT TO CONSTITUTE A CLAIM FOR
      RELIEF..............................................................................................11

VI.   THE THIRD AND SEVENTH CLAIMS FOR RELIEF
      AS AGAINST COUNTY OF MENDOCINO SHOULD
      BE DISMISSED BECAUSE A COUNTY CANNOT BE
      LIABLE UNDER SECTION 1983 ON THE BASIS OF
      RESPONDEAT SUPERIOR LIABILITY ...................................... 11

VII.  THE THIRD AND SEVENTH CLAIMS FOR RELIEF AS
      TO SHERIFF KENDALL IN HIS OFFICIAL CAPACITY
      MUST BE DISMISSED BECAUSE HE IS A REDUNDANT
      DEFENDANT ........................................................................... 13

VIII. THE FIFTH AND SIXTH CLAIMS FOR RELIEF MUST
      BE DISMISSED AS AGAINST SHERIFF KENDALL IN HIS
      INDIVIDUAL CAPACITY BECAUSE THEY FAIL TO
      STATE FACTS SUFFICIENT TO CONSTITUTE A CLAIM
      FOR RELIEF ............................................................................. 14

IX.   THE FIFTH AND SIXTH CLAIMS FOR RELIEF MUST
      BE DISMISSED AGAINST THE COUNTY OF MENDOCINO
      AND SHERIFF KENDALL IN HIS OFFICIAL CAPACITY
      FOR FAILURE TO ALLEGE FACTS SHOWING
      COMPLIANCE WITH OR EXCUSE FROM THE TORT
      CLAIMS ACT ........................................................................... 16

X.    THE SIXTH CLAIM FOR RELIEF MUST BE DISMISSED
      AGAINST THE COUNTY OF MENDOCINO AND SHERIFF
      KENDALL IN HIS OFFICIAL CAPACITY FOR FAILURE TO
      ALLEGE A STATUTORY BASIS FOR LIABILITY ................................. 17

XI.   CONCLUSION ........................................................................... 18

1

# TABLE OF AUTHORITIES

2

Page(s)

3

**Federal Cases**

4

Adams v. Johnson,
    355 F.3d 1179 (9th Cir. 2004) ........................................................................ 4

5

6

Ascon Properties, Inc. v. Mobil Oil Co.,
    866 F.2d 1149 (9th Cir. 1989) ........................................................................ 4

7

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)......................................................................................... 4

8

9

Big Bear Lodging Ass'n v. Snow Summit, Inc.,
    182 F.3d 1096 (9th Cir. 1999) ........................................................................ 4

10

11

Bishop Paiute Tribe v. County of Inyo,
    538 U.S. 701, 155 L. Ed. 2d 933, 123 S. Ct. 1887 (2003)............................. 8

12

13

Board of the County Commissioners v. Brown,
    520 U.S. 397, 117 S. Ct. 1382 (1997)........................................................... 12

14

Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Dept.,
    533 F.3d 780 (9th Cir. 2008) ......................................................................... 13

15

16

Chase v. Andeavor Logistics,
    L.P., 12 F.4th 864 (8th Cir. 2021)................................................................... 8

17

18

City of Canton v. Harris,
    489 U.S. 378, 109 S. Ct. 1197 (1989)........................................................... 12

19

20

City of Los Angeles v. Lyons,
    461 U.S. 95, 103 S.Ct. 1660 (U.S. 1983)....................................................... 6

21

Fiedler v. Clark,
    714 F.2d 77 (9th Cir. 1983) ............................................................................ 7

22

23

Franchise Tax Bd. v. Constr. Laborers Vacation Trust,
    463 U.S. 1, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (U.S. 1983).......................... 7

24

25

Gillette v. Delmore,
    979 F.2d 1342 (9th Cir. 1992) ....................................................................... 12

26

27

In re Grand Jury Proceedings,
    744 F.3d 211 (1st Cir. 2014).......................................................................... 10

28

vi

Int'l Org. of Masters, Mates & Pilots v. Andrews,
    831 F.2d 843 (9th Cir. 1987) ...................................................................... 8

Johnson v. Riverside Healthcare Sys., LP,
    534 F.3d 1116 (9th Cir. 2008) .................................................................... 4

Kentucky v. Graham,
    473 U.S. 159, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)........................... 13

In re Long Visitor,
    523 F.2d 443 (8th Cir. 1975) ...................................................................... 10

Lujan v. Defenders of Wildlife,
    504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed. 351 (U.S. 1992).......................... 5

McClanahan v. Arizona State Tax Comm'n,
    411 U.S. 164, 93 S.Ct. 1257, 36 L.Ed.2d 129 (U.S. 1973)..................... 9, 10

MedImmune, Inc. v. Genentech, Inc.,
    549 U.S. 118, 127 S. Ct. 764, 166 L. Ed. 2d 604 (U.S. 2007).................... 5

Mendiola-Martinez v. Arpaio,
    836 F.3d 1239 (9th Cir. 2016) .................................................................... 13

Milton v. Nelson,
    527 F.2d 1158 (9th Cir. 1975) .................................................................... 14

Monell v. New York Dept. of Social Services,
    436 U.S. 658, 98 S.Ct. 2018 (1978)..................................................... 11, 12

Narragansett Indian Tribe v. Rhode Island,
    449 F.3d 16 (1st Cir. 2006) [en banc]......................................................... 10

Newman v. Universal Pictures,
    813 F.2d 1519 (9th Cir. 1987) ...................................................................... 4

Nisqually Indian Tribe v. Gregoire,
    623 F.3d 923 (9th Cir. 2010) ........................................................................ 7

Pembaur v. City of Cincinnati,
    475 U.S. 469 106 S. Ct. 1292 (U.S. 1986)................................................. 12

Pinkham v. Lewiston Orchards Irrigation Dist.,
    862 F.2d 184 (9th Cir. 1988) ........................................................................ 8

Renne v. Geary,
    501 U.S. 312 (1991).................................................................................... 3

MOTION TO DISMISS COMPLAINT

*Saul v. United States,*
   928 F.2d 829 (9th Cir. 1991) ................................................................. 4

*Starr v. Baca,*
   652 F.3d 1202 (9th Cir. 2011) ............................................................... 4

*Summers v. Earth Island Inst.,*
   555 U.S. 488, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (U.S. 2009) ................ 5

*Thomson v. Gaskill,*
   315 U.S. 442 (1942) .............................................................................. 3

*United States v. Juvenile Male 1,*
   431 F.Supp.2d 1012 (D. Ariz. 2006) ................................................... 11

*Varlitskiy v. Cty. of Riverside,*
   2020 U.S. Dist. LEXIS 196490 (Cal. C.D. 2020) ............................... 15

*Walker v. Rushing,*
   898 F.2d 672 (8th Cir. 1990) ............................................................... 10

*Walsh v. Tehachapi Unified School Dist.,*
   827 F. Supp. 2d 1107 (E.D. Cal. 2011) .............................................. 14

*Webb v. Sloan,*
   330 F.3d 1158 ...................................................................................... 12

*White Mountain Apache Tribe v. Bracker,*
   448 U.S. 136, 100 S.Ct. 2578, 65 L.Ed.2d 665 (U.S. 1980) ................ 9

**California Cases**

*Guzman v. County of Monterey,*
   46 Cal.4th 887 (2009) .......................................................................... 17

*Jones v. Kmart Corp.,*
   17 Cal.4th 329 (1998) .......................................................................... 15

*Katzberg v. Regents of Univ. of California,*
   29 Cal. 4th 300 (2002) ........................................................................ 11

*Peter W. v. San Francisco Unified Sch. Dist.,*
   60 Cal. App. 3d 814 (1976) ................................................................ 17

*Ramirez v. Wong,*
   188 Cal. App. 4th 1480 ........................................................................ 15

Searcy v. Hemet Unified Sch. Dist.,
    177 Cal. App. 3d 792 (1986) .................................................. 17

Shirk v. Vista Unified Sch. Dist.,
    42 Cal. 4th 201 (2007) ......................................................... 16

State of California v. Superior Court (Bodde),
    32 Cal.4th 1234 (2004) ........................................................ 16

**Federal Statutes**

25 U.S.C.
    § 345 ............................................................................. 7, 8

28 U.S.C. 1331 ..................................................................... 7

28 U.S.C. 1362 ..................................................................... 7

28 U.S.C.
    § 1162 ............................................................................. 10
    § 1353 ............................................................................. 7, 8
    § 2201 ............................................................................. 7

42 U.S.C.
    § 1983 ............................................................. 3, 8, 11, 12, 13

**California Statutes**

Cal. Civil Code
    § 52.1 ............................................................................. 3, 15

Cal. Gov't Code
    § 810-996.6 ...................................................................... 16, 17
    § 815 ............................................................................. 17

California Government Code
    § 820.8 ............................................................................. 14
    § 821.6 ............................................................................. 15
    § 951 ............................................................................. 14, 15

Code of Civil Procedure
    § 425.10 ............................................................................. 14

**Other Authorities**

Fourth Amendment ............................................................... 3

MOTION TO DISMISS COMPLAINT

Fourteenth Amendment ................................................................................ 3

Cal. Const. Article I § 13 ........................................................................ 3, 11

Cal. Const. Article XI § 1(b) and 4(c) ........................................................ 14

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2     **I.     INTRODUCTION**

3          Defendants, County of Mendocino and Sheriff Matthew Kendall,

4     respectfully move under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to

5     dismiss Plaintiffs' Complaint for Declaratory and Injunctive Relief and Money

6     Damages on the ground that this Court lacks subject matter jurisdiction, that

7     jurisdiction cannot be pled and that the Complaint does not allege any facts

8     establishing any viable claim against Defendants. Accordingly, the Complaint

9     should be dismissed.

10

11    **II.    STATEMENT OF RELEVANT FACTS ALLEGED IN COMPLAINT**

12         Plaintiffs allege that, on July 22-23, 2024, the Defendants executed raids on

13    the Plaintiffs' properties on the Reservation in Indian country, without probable

14    cause and without valid search warrants. Compl. ¶ 38. Plaintiffs allege that

15    Defendants knowingly and intentionally, or with reckless disregard for the truth,

16    misstated or omitted information in seeking an arrest warrant for each Plaintiff. Id.

17    Plaintiffs further allege Defendants searched, seized and destroyed the Individual

18    Plaintiffs' property, which included tearing up land, structures, hundreds of

19    cannabis plants, part of a vegetable garden, and a fence with a tractor, and also

20    damaging an electric gate, interior doors, trim and locks of a home. Id.

21         Plaintiffs allege that one of the properties raided is an approximately 1.25-

22    acre trust allotment owned by Plaintiff April James. Compl. ¶ 40. James alleges

23    that she had two structures on her trust allotment within which she grew cannabis

24    plants, and which the Defendants destroyed with a tractor by pushing the soil and

25    all plants and improvements into a pile of dirt and rubbish. Id. James further

26    alleges that Defendants stated they had a search warrant but did not present it. Id.

27    Plaintiffs further allege that, on July 22, 2024, multiple sheriff's deputies entered

28    86-year-old Plaintiff Eunice Swearinger's home while she was away on an errand,

then stopped her from reentering her trust allotment when she returned. Compl. ¶ 43. Plaintiffs further allege that the deputies did not present a search warrant to Ms. Swearinger. Id. They entered interior rooms of the home by breaking through locked doors and damaged two doors, trim, doorknobs and locks in the process but did not take anything. Id. 44.

Plaintiffs allege that multiple deputies returned to Plaintiff Swearinger's trust allotment the following day in pickup trucks and, without notice and without saying a word to Ms. Swearinger, scraped her cannabis plants and all related improvements on her trust allotment into a pile with a tractor. Compl. ¶ 44. While destroying the cannabis plants, Defendants destroyed part of Ms. Swearinger's vegetable garden by cutting onions, watermelons and zucchinis. Id. Plaintiffs allege that, despite the Defendants' destruction of her property, Ms. Swearinger was able to salvage several cannabis plants from the pile created by the Defendants. Compl. ¶ 45. She replanted several plants and watered them. Id. The following day, law enforcement officials returned to her trust allotment and, without notice again, pulled out the newly planted cannabis plants. Id.

Plaintiffs further allege that Plaintiff Steve Britton, a rancher, was at home with his son on July 23, 2024, when Sheriff's deputies, without notice or a search warrant, raided the trust allotment where he lives with his wife. Compl. ¶ 48. The deputies ordered Plaintiff Britton and his son to leave the trust allotment while deputies searched his trailer and two Conex storage containers without probable cause. Id. After searching the trust allotment, deputies destroyed cannabis plants, cultivation structures and equipment, fencing and an electric gate on the property. Id.

Plaintiffs further allege that the search warrant presented to Plaintiff James after the Defendants unlawfully searched, seized and destroyed her property stated that the search warrant was based on an affidavit by Humboldt County Sheriff's Office Deputy Justin Pryor stating that there was probable cause to seize Plaintiff

1   James' cannabis plants pursuant to Penal Code §§ 1524, 1528(a), 1536, and §

2   11472 of the H & S Code. Compl. ¶ 51. Plaintiffs allege Defendant Pryor

3   knowingly and intentionally, or with reckless disregard for the truth, misstated or

4   omitted information in seeking an arrest warrant for each Individual Plaintiff. Id.

5   Plaintiffs allege that the Defendants relied on similar search warrants to search

6   the trust properties of Plaintiffs Swearinger and Britton and to seize and destroy the

7   cannabis plants on those trust properties. Compl. ¶ 53.

8       On April 29, 2025, Plaintiffs filed their Complaint for Declaratory and

9   Injunctive Relief and Money Damages alleging the following Claims for Relief:

10  (1) Unlawful Assertion of Jurisdiction [PL 280]; (2) Infringement of the Tribe's

11  Sovereignty [Interference with Tribal Self-Governance]; (3) Fourth Amendment –

12  Unlawful Search and Seizure [42 U.S.C. § 1983]; (4) Unlawful Search and Seizure

13  [Cal. Const. Art. I § 13]; (5) Bane Act [Cal. Civil Code § 52.1]; (6) Negligence;

14  and (7) Violation of Fourteenth Amendment -- Equal Protection/Selective

15  Enforcement [42 U.S.C. § 1983].

16

17  **III.   LEGAL STANDARD**

18      **A.   Dismissal Under Federal Rule of Civil Procedure 12(b)(1)**

19      A court may dismiss a plaintiff's claim if the court finds that it lacks subject

20  matter jurisdiction to adjudicate the claim. Fed. R. Civ. P. 12(b)(1). Unless

21  affirmatively demonstrated, a federal court is presumed to lack subject matter

22  jurisdiction.  Renne v. Geary, 501 U.S. 312, 316 (1991). On a 12(b)(1) motion to

23  dismiss for lack of subject matter jurisdiction, the nonmoving party bears the

24  burden of persuading the court that subject matter jurisdiction exists and must

25  support its allegations with competent proof of jurisdictional facts. Thomson v.

26  Gaskill, 315 U.S. 442, 446 (1942).

27

28

1        **B.    Dismissal Under Federal Rule of Civil Procedure 12(b)(6)**

2        Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate

3    when it is clear that no relief could be granted under any set of facts that could be

4    proven consistent with the allegations set forth in the Complaint.  See Big Bear

5    Lodging Ass'n v. Snow Summit, Inc., 182 F.3d 1096, 1101 (9th Cir. 1999);

6    Newman v. Universal Pictures, 813 F.2d 1519, 1521-22 (9th Cir. 1987).  A court

7    should dismiss a claim if it lacks a cognizable legal theory or if there are

8    insufficient facts alleged under a cognizable legal theory. Johnson v. Riverside

9    Healthcare Sys., LP, 534 F.3d 1116, 1122 (9th Cir. 2008). If an amendment to the

10    pleading could not cure the defect, a district court can deny leave to amend.  Saul

11    v. United States, 928 F.2d 829, 843 (9th Cir. 1991).  Further, leave to amend "need

12    not be granted where the amendment of the complaint would cause the opposing

13    party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or

14    creates undue delay." Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160

15    (9th Cir. 1989).

16        A complaint will only survive a motion to dismiss when it contains

17    "sufficient factual matter, accepted as true, to state a claim to relief that is plausible

18    on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) *quoting* Bell Atl. Corp. v.

19    Twombly, 550 U.S. 544, 570 (2007). While legal conclusions can provide the

20    complaint's framework, neither legal conclusions nor conclusory statements are

21    themselves sufficient, and such statements are "not entitled to a presumption of

22    truth." Iqbal, 556 U.S. 662, 679. In other words, a pleading that merely offers

23    "labels and conclusions," a "formulaic recitation of the elements," or "naked

24    assertions" will not be sufficient to state a claim upon which relief can be granted.

25    Id. at 678 [citations and internal quotation marks omitted]; see also Adams v.

26    Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004) ["[C]onclusory allegations of law

27    and unwarranted inferences are insufficient to defeat a motion to dismiss."] and

28    Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) ["[A]llegations in a complaint

1  or counterclaim may not simply recite the elements of a cause of action, but must

2  contain sufficient allegations of underlying facts to give fair notice and to enable

3  the opposing party to defend itself effectively."]  The Complaint suffers from such

4  infirmities here and should be dismissed.

5

6  **IV.    THE FIRST AND SECOND CLAIMS FOR RELIEF FOR**

7        **DECLARATORY AND INJUNCTIVE RELIEF SHOULD BE**

8        **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

9      Though somewhat unclear, it appears as though the First and Second Claims

10  are claims for Declaratory and/or Injunctive relief while the Third through Seventh

11  Claims are for money damages.

12

13      **A.    Plaintiffs Lack Standing to Seek a Declaration or Injunction**

14        **Because They Have Failed to Allege an Imminent Future Injury**

15      Like all federal actions, Plaintiffs' declaratory or injunctive relief action

16  must state a claim upon which relief can be granted and must satisfy the "case-or-

17  controversy" requirement of Article III of the Constitution. See MedImmune, Inc.

18  v. Genentech, Inc., 549 U.S. 118, 127, 127 S. Ct. 764, 771, 166 L. Ed. 2d 604, 614

19  (U.S. 2007). Plaintiff's Complaint fails to meet those requirements.

20      Article III's "case or controversy" requirement confines the power of the

21  federal judiciary to situations in which a plaintiff has standing to bring suit. See

22  Summers v. Earth Island Inst., 555 U.S. 488, 492-93, 129 S. Ct. 1142, 1148-49,

23  173 L. Ed. 2d 1, 11-12 (U.S. 2009). A plaintiff bears the burden of showing she

24  has standing for each type of relief sought. Id. at 493. At the motion to dismiss

25  stage, a plaintiff must at least offer "general factual allegations" that would, if

26  proven, establish standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112

27  S.Ct. 2130, 2137, 119 L.Ed. 351, 364 (U.S. 1992). Here, the key element missing

28  from Plaintiffs' allegations is establishing that they will suffer an imminent future

injury.

In a suit for injunctive or declaratory relief, "past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy." See <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 103, 103 S.Ct. 1660, 1666 (U.S. 1983). When, as in this case, a plaintiff seeks a declaration affecting the future conduct of the government, he must demonstrate that he is "***realistically threatened by a repetition*** of his experience." <u>Id.</u> at 109 [emphasis added]. For example, in <u>Lyons</u>, the plaintiff alleged that police officers who stopped him for a traffic violation had subjected him to a chokehold. <u>Id.</u> at 98. Based on this past injury, the plaintiff sought a declaration that the police department's policy on the use of chokeholds was unconstitutional. <u>Id.</u>

The Court held that the plaintiff lacked standing to seek this declaration because he had failed to establish that he would be injured by the policy in the future. <u>Id.</u> at 104. The plaintiff's past injury, "while presumably affording [him] standing to claim damages . . . , [did] nothing to establish a real and immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him." <u>Id.</u> at 105. In the absence of such a "real and immediate threat" of future injury, the plaintiff's "assertion that he [might] again [have been] subject to an illegal chokehold [did] not create the actual controversy that must exist for a declaratory judgment to be entered." <u>Id.</u> at 104.

Like the plaintiff in <u>Lyons</u>, Plaintiffs lack standing because they have not alleged any imminent future injury beyond a vague reference that "there are plans for the same activities throughout Northern California". Compl. ¶ 2. Instead, Plaintiff relies on the past action of the County executing search warrants during the period of July 22-23, 2024 which is insufficient to confer standing. This Court should therefore dismiss the First and Second Claims for Relief.

**B.** **Plaintiffs Have Failed to Plead Any Federal Law Establishing Jurisdiction to Maintain This Action**

"A suit arises under the law that creates the cause of action." <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 8-9, 103 S. Ct. 2841, 2846, 77 L. Ed. 2d 420, 430 (U.S. 1983) *citing* <u>American Well Works Co. v. Layne & Bowler Co.</u>, 241 U.S. 257, 260 (1916). In other words, to bring a case within 28 U.S.C. 1331 or 28 U.S.C. 1362, cited by Plaintiffs, a right or immunity created by the Constitution or laws of the United States must be an element and an essential one, of the plaintiff's cause of action. "A plaintiff may only bring a cause of action to enforce a federal law if the law provides a private right of action. The ability to bring a private right of action may be authorized by the explicit statutory text or, in some instances, may be implied from the statutory text. However, an implied right of action is only authorized when there is clear evidence Congress intended such a right to be part of the statute." <u>Nisqually Indian Tribe v. Gregoire</u>, 623 F.3d 923, 929 (9th Cir. 2010) [internal citations omitted].

As an initial matter, although 28 U.S.C. § 2201 provides that "in a case of actual controversy" a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought", "[t]he Declaratory Judgment Act [28 U.S.C. § 2201] does not provide an independent jurisdictional basis for suits in federal court." <u>Fiedler v. Clark</u>, 714 F.2d 77, 79 (9th Cir. 1983) *citing* <u>Skelly Oil Co. v. Phillips Petroleum Co.</u>, 339 U.S. 667, 671-74, 70 S. Ct. 876, 880, 94 L. Ed. 1194, 1200-1201 (U.S. 1950). Rather, "[i]t only permits the district court to adopt a specific remedy when jurisdiction exists." <u>Id</u>. In the Complaint, Plaintiffs allege that jurisdiction exists under "25 U.S.C. § 345 and 28 U.S.C. § 1353" as well as "Part 169, Title 25 of the Code of Federal Regulations" and Article I, § 8 of the Constitution ["Commerce Clause"]." Compl. ¶ 9. However, none of the cited law provide a right of action for declaratory or injunctive relief.

25 U.S.C § 345 and 28 U.S.C § 1353, pertaining to allotments of land, do not confer jurisdiction here. Pinkham v. Lewiston Orchards Irrigation Dist., 862 F.2d 184 (9th Cir. 1988) [tort claims amounting to negligence, invasion of property, and trespass, do not amount to rights pertinent to allotment thus no subject matter jurisdiction exists.] Nor does Part 169, Title 25 of the Code of Federal Regulations, pertaining to the Indian Right of Way Act, confer jurisdiction. "We find no express private right of action in the Indian Right-of-Way Act, and the Supreme Court does not look with favor on implied private rights of action." Chase v. Andeavor Logistics, L.P., 12 F.4th 864, 877 (8th Cir. 2021) *citing* Poafpybitty v. Skelly Oil Co., 390 U.S. 365, 370, 88 S. Ct. 982 (1968). Finally, the Commerce Clause does not create any private right of action. See Int'l Org. of Masters, Mates & Pilots v. Andrews, 831 F.2d 843, 847 (9th Cir. 1987). "The purpose of the Commerce Clause is allocation of power between state and national governments, not protection of individuals from abuse of government authority. The Commerce Clause creates no individual rights." Id. [internal citations omitted].

Plaintiffs' suit in this matter is strikingly similar to that brought by the Bishop Paiute Tribe in the case of Bishop Paiute Tribe v. County of Inyo, 538 U.S. 701, 702, 155 L. Ed. 2d 933, 123 S. Ct. 1887 (2003). In Inyo, the Bishop Paiute Tribe brought a lawsuit against, among others, a county and Sheriff alleging that county law enforcement officers lacked authority to execute a search warrant against an Indian tribe. Id. at 704. The Tribe's complaint sought declaratory and injunctive relief, as Plaintiffs do here. Id. In addressing jurisdiction, the Supreme Court noted: "absent § 1983 as a foundation for the Tribe's action, it is unclear what federal law, if any, the Tribe's case 'aris[es] under.'" The Supreme Court then remanded the case for focused consideration and resolution of that jurisdictional question. Id. Upon remand to the District Court, the Tribe voluntarily dismissed its complaint. Accordingly, the jurisdictional issue in Inyo remains unresolved.

Here, Plaintiffs have not succeeded where the Tribe in Inyo failed. That is,

Plaintiffs have also completely failed to identify what federal common law enables them to maintain their First and Second Claims, thus fail to allege grounds for finding that subject matter jurisdiction exists here as to those Claims. Accordingly, the First and Second Claims should be dismissed.

C.    **Federal Common Law Does Not Establish a Right on the Part of Plaintiffs to be Free From Criminal Process and Therefore Leave to Amend Should Not be Granted**

Perhaps the reason Plaintiffs failed to identify what federal law purportedly enables it to maintain its First and Second Claims is because no such law exists. Indeed, there is no case, much less line of cases, directly addressing whether a county law enforcement agency lacks authority to execute a search warrant as to tribal land during a felony criminal investigation. Instead, repeated decisions have recognized that a tribe's sovereignty may not prevent criminal processes associated with the investigation of a crime, including execution of a search warrant.

"Long ago the Court departed from Mr. Chief Justice Marshall's view that 'the laws of [a State] can have no force' within reservation boundaries." White Mountain Apache Tribe v. Bracker, 448 U.S. 136, 141-142, 100 S.Ct. 2578, 2582-2583, 65 L.Ed.2d 665, 671-672  (U.S. 1980) *citing* Worcester v. Georgia, 6 Pet. 515, 561 (U.S. 1832). The status of the tribes has been described as "'an anomalous one and of complex character,'" for despite their partial assimilation into American culture, the tribes have retained "'a semi-independent position . . . not as States, not as nations, not as possessed of the full attributes of sovereignty, but as a separate people, with the power of regulating their internal and social relations, and thus far not brought under the laws of the Union or of the State within whose limits they resided.'" McClanahan v. Arizona State Tax Comm'n, 411 U.S. 164, 173, 93 S.Ct. 1257, 1263, 36 L.Ed.2d 129, 136 (U.S. 1973) *quoting* United States v. Kagama, 118 U.S. 375, 381-382 (U.S. 1886).

9

1    Because of this sovereignty, states may exert their authority over reservation

2    lands only where doing so does not undermine tribal self-governance by

3    "infring[ing] 'on the right of reservation Indians to make their own laws and be

4    ruled by them.'" McClanahan, supra 411 U.S. at 179 *quoting* Williams v. Lee, 358

5    U.S. 217, 220 (U.S. 1959). Numerous cases foreclose Plaintiffs' contention that

6    service of a search warrant on Tribal lands constitutes such an infringement such

7    that it can be said that "federal common law" provides Plaintiffs a right of action

8    here.

9    28 U.S.C. § 1162 provides the State with criminal jurisdiction over  crimes

10   occurring on a reservation, while tribal sovereignty provides a tribe with

11   concurrent jurisdiction. See Walker v. Rushing, 898 F.2d 672, 675 (8th Cir. 1990).

12   However, multiple cases have held that the statutory grant of jurisdiction

13   "necessarily entails the authorization of investigative and enforcement

14   mechanisms" and that the exercise of criminal process is coextensive with the

15   exercise of that statutory jurisdiction. In re Grand Jury Proceedings, 744 F.3d 211,

16   221 (1st Cir. 2014). For example, in holding that sovereign immunity did not bar

17   exercise of the grand jury subpoena power over tribal members, the court in In re

18   Long Visitor, 523 F.2d 443 (8th Cir. 1975) explained that the extension of

19   statutory criminal jurisdiction "to crimes committed on Indian reservations

20   inherently includes every aspect of federal criminal procedure applicable to the

21   prosecution of such crimes." Id. at 446-47. Similarly, tribal sovereignty does not

22   bar issuance of a subpoena duces tecum by the grand jury to an Indian tribal

23   agency. See In re Grand Jury Proceedings, 744 F.3d 211, 219-220 (1st Cir. 2014).

24   In Narragansett Indian Tribe v. Rhode Island, 449 F.3d 16, 22, 26-27 (1st Cir.

25   2006) [en banc], though the grant of jurisdiction was via settlement between the

26   State and tribe as opposed to statutorily provided, sovereignty did not bar

27   execution of a state search warrant as to tribal property.

28   The reasoning behind these cases is clear. That is, the statutory grant of

jurisdiction over crimes occurring on a reservation would be rendered somewhat useless should a tribe's sovereignty prevent completion of certain aspects of investigations and prosecutions of said crimes. "No rational system of criminal justice, and certainly no constitutional one, could operate under such a regime" where tribal compliance with criminal process is optional. United States v. Juvenile Male 1, 431 F.Supp.2d 1012, 1019 (D. Ariz. 2006).

No federal statute provides Plaintiffs the right to be free from the execution of a warrant, nor does case law addressing similar claims of sovereignty provide any such right or claim for relief. Accordingly, the First and Second Claims should be dismissed without leave to amend.

## V. THE FOURTH CLAIM FOR RELIEF MUST BE DISMISSED AS FAILING TO STATE FACTS SUFFICIENT TO CONSTITUTE A CLAIM FOR RELIEF

The Fourth Claim seeks relief for violation of Art. I § 13 of the California Constitution. This Claim fails to state facts sufficient to constitute a claim for relief because Art. I § 13 does not create a private right of action for monetary damages. Katzberg v. Regents of Univ. of California, 29 Cal. 4th 300 (2002). Accordingly, the Fourth Claim should be dismissed.

## VI. THE THIRD AND SEVENTH CLAIMS FOR RELIEF AS AGAINST COUNTY OF MENDOCINO SHOULD BE DISMISSED BECAUSE A COUNTY CANNOT BE LIABLE UNDER SECTION 1983 ON THE BASIS OF RESPONDEAT SUPERIOR LIABILITY

Plaintiffs' Third and Seventh Claims for Relief seek damages under 42 U.S.C. § 1983. A government entity cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 for the action of one of its employees on the basis of *respondeat superior* liability. Monell v. New York Dept. of Social Services, 436

11

1  U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978). As stated by the Supreme Court in

2  Board of the County Commissioners v. Brown, 520 U.S. 397, 117 S. Ct. 1382

3  (1997): "Congress did not intend municipalities to be held liable unless deliberate

4  action attributable to the municipality directly caused a deprivation of federal

5  rights." Brown, 520 U.S. at 415.

6  A government entity may only be held liable under § 1983 if the plaintiff

7  proves: (1)  The tort complained of was committed by an official with final policy-

8  making authority and that the challenged action itself thus constituted an act of

9  official governmental policy; See Pembaur v. City of Cincinnati, 475 U.S. 469, 480

10  106 S. Ct. 1292, 1298 (U.S. 1986);  Gillette v. Delmore, 979 F.2d 1342, 1346 (9th

11  Cir. 1992); or (2) The existence of a formally promulgated municipal policy or

12  regulation pursuant to which the employee was acting; See Monell 436 U.S. at

13  691; or (3)  An official with final policy-making  authority ratified a subordinate's

14  unconstitutional decision or action and the basis for it; See Gillette, 979 F.2d at

15  1346; or (4) The existence of a well-settled municipal custom or practice of

16  permitting or condoning unconstitutional behavior; See Monell, 436 U.S. at 691;

17  or (5) A policy of deliberate indifference in training, supervision and/or hiring. See

18  City of Canton v. Harris, 489 U.S. 378, 109 S. Ct. 1197 (1989); Brown, 520 U.S.

19  397.

20  To prevail on any of these grounds, Plaintiffs must show not only that such

21  alleged polices exist, but also a "direct causal link" between the alleged custom or

22  policy and the constitutional violation.  See Brown, 520 U.S. at 404. The "'official

23  policy' requirement is intended to distinguish acts of the *municipality* from acts of

24  the *employees* of the municipality, and thereby make clear that municipal liability

25  is limited to action for which the municipality is actually responsible." Webb v.

26  Sloan, 330 F.3d 1158, 1235 (*quoting* Pembaur, 475 U.S. at 479-80 [emphasis in

27  original].) Plaintiffs' Third and Seventh Claims are stated against the County of

28  Mendocino but contain no allegations whatsoever establishing any of the five

grounds for liability under Section 1983. Instead, the Complaint attempts to hold the County liable under a *respondeat superior* theory. See Compl. ¶ 70. Accordingly, the Third and Seventh Claims for Relief are wholly improper as against the County of Mendocino and should be dismissed.

## VII.    THE THIRD AND SEVENTH CLAIMS FOR RELIEF AS TO SHERIFF KENDALL IN HIS OFFICIAL CAPACITY MUST BE DISMISSED BECAUSE HE IS A REDUNDANT DEFENDANT

"When a county official like Sheriff [Kendall] is sued in his official capacity, the claims against him *are claims against the county*." Mendiola-Martinez v. Arpaio, 836 F.3d 1239, 1250 (9th Cir. 2016) [emphasis added]. "[*A]n official-capacity suit is*, in all respects other than name, *to be treated* as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) [emphasis added]. Hence, "[w]hen both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Dept., 533 F.3d 780, 798 (9th Cir. 2008).

Here, Plaintiffs name Sheriff Kendall in both his official and individual capacities. Plaintiffs' claims against Sheriff Kendall in his official capacity as Sheriff of Mendocino County are, in effect, claims against the County of Mendocino. Sheriff Kendall is therefore a redundant defendant, and Plaintiffs' claims against him in his official capacity must treated as a suit against the entity. Thus, to the extent Sheriff Kendall is sued in his official capacity, he should be dismissed. As discussed below, the claims against him in his individual capacity also fail.

**VIII.** **THE FIFTH AND SIXTH CLAIMS FOR RELIEF MUST BE DISMISSED AS AGAINST SHERIFF KENDALL IN HIS INDIVIDUAL CAPACITY BECAUSE THEY FAIL TO STATE FACTS SUFFICIENT TO CONSTITUTE A CLAIM FOR RELIEF**

California Government Code section 951 provides: "Notwithstanding Section 425.10 of the Code of Civil Procedure, any complaint for damages in any civil action brought against *a publicly elected* or appointed state or local officer, in his or her individual capacity, where the alleged injury is proximately caused by the officer acting under color of law, *shall allege with particularity sufficient material facts to establish the individual liability* of the publicly elected or appointed state or local officer and the plaintiff's right to recover therefrom." Cal. Gov. Code § 951 [emphasis added]. Sheriff Kendall is a publicly elected official. See Cal. Const. Art. XI § 1(b) and 4(c). Accordingly, claims against him in his individual capacity must be supported by specific factual allegations demonstrating that he is individually liable to the Plaintiffs.

Moreover, California Government Code § 820.8 also tracks federal law in precluding *respondeat superior* liability against a public employee like Sheriff Kendall. See Milton v. Nelson, 527 F.2d 1158, 1159 (9th Cir. 1975) [citing § 820.8 for the proposition that "supervisory personnel whose personal involvement is not alleged may not be responsible for the acts of their subordinates under California law"]; Walsh v. Tehachapi Unified School Dist., 827 F. Supp. 2d 1107, 1124-25 (E.D. Cal. 2011) [finding that while a school district was liable for the actions of its employees, the school superintendent was immunized from vicarious liability for the acts of others under § 820.8].

Plaintiffs Complaint here identifies Sheriff Kendall as the Sheriff of Mendocino but states no facts pointing to any personal involvement or participation on Sheriff Kendall's part in either obtaining or executing the warrants at issue. More to the point, the Complaint does not allege with any specificity what

14

particular acts or omissions of Sheriff Kendall caused Plaintiffs' claimed injuries. Because the Complaint is devoid of specific factual allegations demonstrating that Sheriff Kendall is individually liable for Plaintiffs' alleged injuries, the Complaint fails to state a valid claim against Sheriff Kendall under any theory.

Specific to the Fifth Claim, brought under California Civil Code section 52.1. Section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." Jones v. Kmart Corp., 17 Cal.4th 329, 334 (1998). "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., "threats, intimidation or coercion"), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." Ramirez v. Wong, 188 Cal. App. 4th 1480, 1486-1487. Here, the Complaint is completely devoid of any allegations establishing this standard as to Sheriff Kendall much less the particularized allegations required by Government Code section 951. Thus, the Fifth Claim fails.

As to the Sixth Claim for Negligence, not only are the required particularized allegations absent, California Government Code section 821.6 immunizes Sheriff Kendall's conduct for acts related to the destruction of Plaintiffs' property during the execution of the search warrant on Plaintiffs' property. Plaintiffs cannot premise a negligence claim on the destruction of property when the destruction occurred pursuant to the execution of a valid search warrant and in the course of a criminal investigation. See Cal. Gov. Code § 821.6; see also Varlitskiy v. Cty. of Riverside, 2020 U.S. Dist. LEXIS 196490, *8 (Cal. C.D. 2020). Accordingly, the Sixth Claim fails for this additional reason.

1    **IX.    THE FIFTH AND SIXTH CLAIMS FOR RELIEF MUST BE**
2    **DISMISSED AGAINST THE COUNTY OF MENDOCINO AND**
3    **SHERIFF KENDALL IN HIS OFFICIAL CAPACITY FOR FAILURE**
4    **TO ALLEGE FACTS SHOWING COMPLIANCE WITH OR**
5    **EXCUSE FROM THE TORT CLAIMS ACT**

6    The Fifth and Sixth Claims for Relief fail to allege facts showing
7    compliance with or excuse from the Tort Claims Act ("the Act"). The California
8    Tort Claims Act ("the Act") establishes procedures for actions against California
9    public entities and public employees such as the County of Mendocino and Sheriff
10   Kendall acting in his official capacity. See Cal. Gov't Code § 810-996.6. The Act
11   requires the presentation of a claim for "money or damages" as a prerequisite for
12   suit against a public entity or public employee. Gov. Code §§ 810-996.6. This
13   requirement correlates to a heightened pleading standard. In other words, simply
14   complying with the claims presentation requirement is insufficient. A plaintiff
15   seeking tort damages against a public entity or employee must allege facts in their
16   Complaint showing compliance with, or excuse from, claims presentation
17   requirements. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1239
18   (2004).

19   Plaintiffs' Complaint is completely devoid of any reference to their
20   compliance with the claim presentation requirement though it appears to seek tort
21   damages from the County of Mendocino and Sheriff Kendall – a public entity
22   and/or public employee. Plaintiffs' failure to state when (or if) a claim was
23   presented to each County makes it impossible for the Court to determine whether
24   Plaintiffs complied with the requirement. Failure to allege facts showing
25   compliance with, or excuse from, the Act's claims presentation requirements is
26   grounds for dismissal even if Plaintiffs actually filed a claim. Bodde, supra 32 Cal.
27   4th at 1239; Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007).
28   Accordingly, the Fifth and Sixth Claims should be dismissed.

X.      **THE SIXTH CLAIM FOR RELIEF MUST BE DISMISSED AGAINST THE COUNTY OF MENDOCINO AND SHERIFF KENDALL IN HIS OFFICIAL CAPACITY FOR FAILURE TO ALLEGE A STATUTORY BASIS FOR LIABILITY**

As discussed above, the Act establishes procedures for actions against California public entities and public employees. See Cal. Gov't Code § 810-996.6. The Act abolished all common-law theories of governmental liability. Under the Act, all government tort liability must be based on statute. Cal. Gov't Code § 815; Guzman v. County of Monterey, 46 Cal.4th 887, 897 (2009). This limitation is found in Government Code section 815, which states in pertinent part: "Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."

As discussed above, the Act not only affects the ultimate question of liability, but also imposes a heightened pleading standard upon those seeking tort damages from a California public entity. Plaintiffs must specifically identify the grounds for statutory liability against a public entity, *including citing the statute*. Searcy v. Hemet Unified Sch. Dist., 177 Cal. App. 3d 792, 802 (1986) [emphasis added].)  Further, "every fact material to the existence of its statutory liability must be pleaded with particularity." Peter W. v. San Francisco Unified Sch. Dist., 60 Cal. App. 3d 814, 819 (1976).

Plaintiffs here seeks tort damages against the County of Mendocino, a public entity, and Sheriff Kendall in his official capacity. However, Plaintiffs' Sixth Claim for Relief does not specifically identify the grounds for statutory liability and does not cite a particular statute. Instead, Plaintiffs attempts to hold the County liable under a common law theory of negligence. This is in direct contravention of the Act and interpreting case law. Plaintiffs' failure to cite a statutory basis for liability on the part of the County and failure to plead their Claim with

17

particularity, render the Sixth Claim wholly improper. Accordingly, that Claim should be dismissed.

## XI.    <u>CONCLUSION</u>

For all the foregoing reasons, defendants County of Mendocino and Sheriff Kendall, respectfully request that Plaintiffs' Complaint be dismissed and without leave to amend where appropriate.


Dated: June 2, 2025                                    Respectfully submitted,

JONES MAYER


By: *s/Denise L. Rocawich*
JAMES R. TOUCHSTONE
DENISE L. ROCAWICH
Attorneys for County of Mendocino
and Sheriff Matthew Kendall