UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ROUND VALLEY INDIAN TRIBES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MATT KENDALL, et al., <br><br> Defendants. | Case No.  25-cv-03736-RMI <br><br> **ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Re: Dkt. Nos. 30, 31 |

Plaintiffs move for summary judgment in their favor on their First, Second, and Third Claims. (Pl.s' Mot., Dkt. 30.) In this court's January 2026 Order (dkt. 64) on two separate motions to dismiss (dkt. 40, dkt. 46), the court dismissed Plaintiffs' first two claims. Therefore, Plaintiffs' Motion for Partial Summary Judgment is DENIED as moot as to these first two claims. The rest of this Order addresses Plaintiffs' Motion for Partial Summary Judgment on their Third Claim, which remains in the case as to all Defendants. (Dkt. 64.)

Federal Rule of Civil Procedure 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Rule 56(d) permits a court to grant certain relief to the nonmoving party when it "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment]." Fed. R. Civ. P. 56(d). The court may "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d)(1)-(3). Rule 56(d) is designed to deal with "premature" summary judgment motions, where the nonmoving party has not had a fair

opportunity to conduct discovery prior to filing its opposition. *See Celotex Corp v. Catrett*, 477 U.S. 317, 326, 106 S (1986).

"Where 'a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should generally grant any Rule 56[(d)] motion fairly freely.'" *Ramsey v. Zhang*, No. 20CV1076-AJB(RBB), 2021 WL 2012252, at *1 (S.D. Cal. May 20, 2021) (quoting *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773 (9th Cir. 2003)).

The court finds that Defendants have satisfied the requirements of Rule 56(d). Defendants identify via declarations the discovery that they wish to engage in, including identifying the parties that they would like to depose, as well as the discovery needed to determine the location of Plaintiffs' properties, whether warrants were issued that encompassed Plaintiffs' land, what property was seized or destroyed, and who was present at the raids, among other issues. (*See, e.g.,* Def.'s Opp'n, Lynch Decl., Dkt. 49-1; Def.'s Opp'n, Campbell-Blair Decl., Dkt. 44-2.) Additionally, Plaintiffs will be filing a Second Amended Complaint, in which Plaintiffs may amend their Third Claim consistent with this court's January Order. (Dkt. 64.) Once discovery is undertaken and the parties have a better understanding of the facts, the grounds upon which Plaintiffs seek summary judgment or the scope of the relief sought may change. "In addition, the Court should be able to decide any summary judgment motion on a more complete record." *Ramsey*, 2021 WL 2012252, at *2. Accordingly, pursuant to Rule 56(d)(1), Plaintiffs' Motion for Partial Summary Judgment is DENIED. Plaintiffs' request for judicial notice (dkt. 31) is also DENIED as moot.

**IT IS SO ORDERED.**

Dated: January 29, 2026

ROBERT M. ILLMAN
United States Magistrate Judge