James R. Touchstone, SBN 184584
jrt@jones-mayer.com
Denise Lynch Rocawich, SBN 232792
dlr@jones-mayer.com
JONES MAYER
3777 North Harbor Boulevard
Fullerton, CA  92835
Telephone:  (714) 446-1400
Facsimile:   (714) 446-1448

Attorneys for Defendants, SHERIFF MATTHEW KENDALL and COUNTY OF MENDOCINO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL JAMES, EUNICE SWEARINGER, STEVE BRITTON, and ROUND VALLEY INDIAN TRIBES,<br><br>Plaintiffs,<br><br>vs.<br><br>MATTHEW KENDALL, Sheriff of Mendocino County; COUNTY OF MENDOCINO; WILLIAM HONSAL, Sheriff of Humboldt County; JUSTIN PRYOR, deputy of Humboldt County Sheriff's Office; COUNTY OF HUMBOLDT; SEAN DURYEE, Commissioner of the California Highway Patrol; CALIFORNIA HIGHWAY PATROL; and DOES 1 through 50,<br><br>Defendants. | Case No.: 25CV-03736-RMI<br>Judge: Hon. Robert M. Illman<br><br>**DEFENDANT SHERIFF KENDALL AND COUNTY OF MENDOCINO'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT UNDER FRCP 54(b)**<br><br>Date:   March 17, 2026<br>Time:   11:00 a.m.<br>Crtm:   1 |

**OPPOSITION TO MOTION FOR ENTRY OF FINAL JUDGMENT**

## I. INTRODUCTION

Defendants, Mendocino County Sheriff Matthew Kendall and the County of Mendocino ("Mendocino Defendants"), hereby submit their Opposition to Plaintiffs Motion for Entry of Final Judgment on the First and Second Claims under Federal Rule of Civil Procedure section 54(b). Entry of judgment under Rule 54(b) is reserved for rare circumstances – circumstances which are not present in the case at hand. In fact, every factor to be considered in deciding whether to enter judgement under Rule 54(b) weighs heavily against such entry. As such, the Mendocino Defendants respectfully request that Plaintiffs' Motion be denied.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On July 17, 2025, Plaintiffs filed their First Amended Complaint ("FAC") for Declaratory and Injunctive Relief and Money Damages alleging the following Claims for Relief: (1) Unlawful Assertion of Jurisdiction [PL 280]; (2) Infringement of the Tribe's Sovereignty [Interference with Tribal Self-Governance]; (3) Fourth Amendment – Unlawful Search and Seizure [42 U.S.C. § 1983]; (4) Unlawful Search and Seizure [Cal. Const. Art. I § 13]; (5) Bane Act [Cal. Civil Code § 52.1]; (6) Negligence; and (7) Violation of Fourteenth Amendment -- Equal Protection/Selective Enforcement [42 U.S.C. § 1983]. The First, Second and Third Claims were stated against all defendants – Mendocino County and Mendocino County Sheriff Kendall ("Mendocino Defendants"), Humboldt County, Humboldt County Sheriff Honsal and Humboldt Deputy Pryor ("Humboldt Defendants"), and Commissioner of the California Highway Patrol Duryee ("Defendant Duryee")[1]. The Fourth, Fifth, and Sixth Claims were stated against the Mendocino and Humboldt Defendants. The Seventh Claim was stated against the Mendocino Defendants.

---

[1] The California Highway Patrol was also named as a Defendant but later dismissed via stipulation. [DKT 17]

The Mendocino Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) as to all claims. [DKT 40] Defendant Duryee also moved to dismiss the FAC pursuant to Rules 12(b)(1) and 12(b)(6). (DKT 46] The Humboldt Defendants did not file a Motion to Dismiss and did not join either the Mendocino Defendants' Motion nor Defendant Duryee's Motion. After hearing on both Motions, the Court issued an Order Granting In Part and Denying In Part Motions to Dismiss the First Amended Complaint ("MTD Order"). [DKT 64] The Court granted the Mendocino Defendants' Motion as to the First and Second Claims for Relief. MTD Order p. 21:9-14. In turn, the court denied Defendant Duryee's Motion as to the First and Second Claims as moot. MTD Order p. 37:13. Plaintiffs now seek entry of final judgment on the First and Second Claims pursuant to Rule of Civil Procedure section 54(b). [DKT 67]

## III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), when an action involves more than one claim for relief or when multiple parties are involved, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

First, the Court must determine whether "it has rendered a 'final judgment,' that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005) (internal quotation marks omitted). "Then it must determine whether there is any just reason for delay." Id. To determine this, courts consider: "(1) the interrelationship of the certified claims and the remaining claims in light of the policy against piecemeal review; and (2) equitable factors such as prejudice and delay." Tsyn v. Wells Fargo Advisors, LLC, 2016 U.S. Dist. LEXIS 83297 at *2 (N.D. Cal. June 27, 2016). Important considerations include whether the resolved claims are "separable from the others remaining to be adjudicated," and

whether an appellate court would have to decide the same issue more than once if there are subsequent appeals. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980).

## IV. ARGUMENT

### A. Rule 54(b) Judgments Are Disfavored and Should Only Be Entered in Unusual Cases

"The Ninth Circuit disfavors Rule 54(b) judgments." Filho v. Chinatown Cmty. Dev. Ctr., Inc., 2022 U.S. Dist. LEXIS 124939, *2-3 (N.D. Cal. July 14, 2022). As noted by the Ninth Circuit, "Rule 54(b) should be used sparingly." Gausvik v. Perez, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004). The moving party must demonstrate that there is a "seriously important reason" to enter final judgment, or why the relief is "necessary to avoid a harsh and unjust result." See Wood v. GCC Bend, 422 F.3d at 879; see also Morrison-Knudsen Company, Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981). Rule 54(b) judgments, "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Sarmiento v. Fresh Harvest, Inc., 2022 U.S. Dist. LEXIS 10846 at *2 (N.D. Cal. Jan. 20, 2022); Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

Granting a Rule 54(b) motion is "not routine" and "should not become so." Wood, supra 422 F.3d at 879. The burden lies with the moving party to show that the circumstances of their case merit Rule 54(b) judgment. See U.S. Fire Ins. Co. v. Williamsburg Nat. Ins. Co., 2009 U.S. Dist. LEXIS 19391 at *2 (E.D. Cal. Mar. 12, 2009). Courts must be careful when entering partial final judgments to protect the "historic federal policy against piecemeal appeals." Id. *quoting* Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436, 76 S. Ct. 895 (1956). Here, there are a

number of reasons why this is not an "unusual case" where a Rule 54(b) judgment is justified.

Here, several factors militate against certifying final judgment at this time: (1) there has been no "final judgment" as to any party or claim; (2) an appeal at this stage would impact the continuing proceedings in the trial court as the case remains pending for trial in the district court against all parties; (3) the posture of the claims and facts is such that it is likely to result in multiple appeals and/or piecemeal litigation; and (4) multiple parties could be prejudiced were the court to enter final judgment at this time.

### B.  There Is No "Final Judgment" As to Any Party or Claim

In determining whether to enter final judgment under Rule 54(b), the Court first must "determine that it is dealing with a 'final judgment.'" Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7, 100 S. Ct. 1460 (1980). That is, "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ***ultimate disposition of an individual claim*** entered in the course of a multiple claims action.'" Id. [citation omitted][emphasis added]. A judgment is final for purposes of Rule 54(b) when it "terminates the litigation between the parties . . . and leaves nothing to be done but to enforce by execution what has been determined." Parr v. United States, 351 U.S. 513, 518, 76 S. Ct. 912, 100 L. Ed. 1377 (1956).

Here, the MTD Order did not terminate the litigation between the parties as the Third through Seventh Claims remain pending against Mendocino. Moreover, the Order does not "ultimately dispose" of any individual claims. Although the language of the MTD Order is unclear, it simply cannot be read to dismiss the First and Second Claims with prejudice as to *all* parties. See MTD Order p. 21:11-14. The First and Second Claims were brought against all Defendants. FAC ¶¶ 87—94. Though the Mendocino Defendants and Defendant Duryee brought Motions to

Dismiss the First and Second Claims, the Humboldt Defendants did not. The Humboldt Defendants also did not join either of the Motions to Dismiss.

A motion made by one of multiple defendants is not a motion by which all the defendants are controlled. Mantin v. Broadcast Music, Inc., 248 F.2d 530 (9th Cir. 1957). More to the point, "[T]he moving defendants, *obviously*, had no standing to seek dismissal of the action as to the nonmoving defendants." Id. at 531 [emphasis added]; see also Co v. JP Morgan Chase Bank, 2013 U.S. Dist. LEXIS 60130, *7 (N.D. 2013) ["As Experian did not join in this motion to dismiss, the first cause of action against it remains."] Thus, the First and Second Claims have not been "ultimately disposed of" as they remain pending against the Humboldt Defendants based on the identical set of facts alleged against the Mendocino Defendants. For this reason alone, judgement under Rule 54(b) would be improper.

### C. The Action Remains Pending for Trial in the District Court as to All of the Parties

Even if the MTD Order is considered a final judgment on the First and Second Claims for purposes of Rule 54(b), certification is nonetheless unwarranted as doing so would not "streamline the ensuing litigation." Jewel v. Nat'l Sec. Agency, 810 F.3d 622, 628 (9th Cir. 2015). The parties to the dismissed claims are also parties to the surviving claims. Specifically, the Mendocino Defendants remain defendants with respect to Claims Three through Seven. If Plaintiffs were to appeal this Court's dismissal of the First and Second Claims against Mendocino Defendants – as they would be entitled to do upon entry of partial final judgment—the parties would litigate this matter simultaneously in both the trial and appellate courts. "This circumstance alone counsels hesitation in the use of Rule 54(b)." Spiegel v. Trustees of Tufts College, 843 F.2d 38, 44 (1st Cir. 1988).

"It will be a *rare case* where Rule 54(b) can appropriately be applied when the contestants on appeal remain, simultaneously, contestants below." Id. 843 F.2d

at 44 [emphasis added]; see also Brunswick Corp. v. Sheridan, 582 F.2d 175, 183 (2d Cir. 1978) ["This court has indicated on numerous occasions that entry of final judgment under Rule 54(b) is not to be done lightly, ***particularly when the action remains pending as to all parties***." [emphasis added].]

In Jewel, the court noted that it was a "complication is that not all of the parties are included in this appeal, nor does this appeal resolve all of the…plaintiffs' claims" where only three of five plaintiffs pursued the motion sought to be certified as a Rule 54(b) final judgment therefore concluding that "the practical effect of certifying the issue in this case is to deconstruct action so as to allow piecemeal appeals with respect to the same set of facts." Jewel, supra 810 F.3d at 630 [citations omitted].

Here, it is clear that the action remains pending as to all parties and also that the dismissed First and Second Claims remain pending against the Humboldt Defendants. There is no "important reason" to burden the Ninth Circuit with multiple appeals and nothing establishing this case as the type of "rare case" for which that would be permitted. Instead, "[p]laying out this case fully in district court saves the litigants from contesting simultaneously in two forums." Tsyn, supra at *10-11. Whereas, "an interlocutory appeal will likely delay and complicate this case, and require the parties to litigate in two forums." Wang v. Asset Acceptance, LLC, 2010 U.S. Dist. LEXIS 119620, *4 (N.D. Cal. Nov. 1, 2010). For this reason, Plaintiffs' Motion should be denied.

### D. Entry of Judgment Under Rule 54(b) Would Likely Result in Multiple Appeals And/Or Piecemeal Litigation

Additionally, a similarity of either legal or factual issues (or both) ***militates strongly against invocation of Rule 54(b)***. See Solomon v. Aetna Life Ins. Co., 782 F.2d 58 at 62 (6th Cir. 1986); Morrison-Knudsen, supra 655 F.2d at 965; Spiegel, supra 843 F.2d at 45. Here, there is an identity of legal issues. The First

1  and Second Claims were stated against all defendants. As discussed above, the
2  Humboldt Defendants did not join either Motion to Dismiss. Accordingly, the
3  possibility remains that Plaintiff's claims against Humboldt will proceed invoking
4  similar legal issues as the resolved claims against the Mendocino Defendants.
5  Thus, entering final judgment at this time potentially would burden the Ninth
6  Circuit should duplicative appeals raising the same exact legal issues be taken.

      Moreover, the adjudicated and pending claims here arise from the identical set of facts and identical transactions. The more factual issues overlap between the parties, the more likely a separate judgment is to be inappropriate. Wood, supra 422 F.3d at 882. More specifically, judgment under Rule 54(b) is improper where the adjudicated and pending claims are intertwined and stem from the same basic transaction, and Rule 54(b) judgment should not be entered where the "legal right to relief stems largely from the same set of facts and would give rise to successive appeals that would turn largely on identical, and interrelated, facts." Id. at 880; See also Romoland School Dist. v. Inland Empire Energy Ctr., LLC, 548 F.3d 738, 749 (9th Cir. 2008).

      The reasoning behind this principle is that the Ninth Circuit would be required to relearn the same set of facts if and when the case returned to that court on appeal from the district court's final judgment. See Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 167 (11th Cir. 1997). As the Ninth Circuit explained in Wood:

> The greater the overlap the greater the chance that this court will have to revisit the same facts-spun only slightly differently-in a successive appeal. The caseload of this court is already huge. More than fifteen thousand appeals were filed in the last year. We cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason. Id.

Here the factual overlap is more than substantial. The Humboldt Defendants were named in the identical Claims as the Mendocino Defendants. Further, the facts plead in the FAC are identical as to all parties. In fact, it is nearly impossible to discern what conduct is alleged against each Defendant. Most of Plaintiffs' factual allegations simply lump Mendocino, Humboldt and CHP Commissioner Duryee together as a group, without differentiating between the parties or alleging facts specific to the actions of each. Moreover, although the First and Second Claims address jurisdiction, there is no way to separate out the First and Second Claims from the pending claims because the dismissed First and Second Claims share "common and intersecting facts" with the pending claims. See Jewel, supra 810 F.3d at 629. This "weigh[s] heavily against entry of judgment." Gregorian v. Izvestia, 871 F.2d 1515, 1519 (9th Cir. 1989).

Indeed, the remaining claims here are not just "logically related" to the First and Second Claims, they are inextricably intertwined as demonstrated by the MTD Order. In the MTD Order, the court notes that "[t]here have been no charges filed against Plaintiffs and no discovery, so it is not immediately obvious which laws Defendants sought to enforce on the Reservation; the specific statutory provisions at issue must therefore be gleaned from the conduct central to the allegations and the attachments to the FAC." MTD Order p. 13:28-14:3. The court continued, "[t]he FAC also includes one search warrant that was presented to Plaintiff James sometime after the search of her property, which specifies that probable cause for search and seizure existed pursuant to Penal Code §§ 1524, 1528(a), and 1536,11 and references Health and Safety Code §§ 11470, 11472, and 11488" and that "the warrant *appears* to be concerned with the cultivation and possible sale of cannabis." MTD Order p. 14:18-21; p. 15:11 [emphasis added].

The court then concluded, "while the particular code sections Defendants attempted to enforce are not explicit, the information in the FAC and attached documents demonstrates that the relevant conduct in this case is the cultivation and

possession for sale of cannabis…. As such, the court finds that California statutes governing cannabis cultivation and possession for sale are criminal and may be enforced by the state on the Reservation pursuant to PL 280." P. 15:12-14; p. 21:1-3.

It is beyond clear that the First and Second Claims rely on interconnected factual allegations with the remaining Claims, particularly the Fourth Claim for Unlawful Search and Seizure. See Jewel, supra 810 F.3d at 629-30. All the Claims arose out of the same series of events and raise similar factual questions. See Wood, supra 722 F.3d at 879. Both the First and Second Claims and the remaining Claims "implicate much the same evidence" such that "the legal issues can scarcely be viewed in isolation from each other." Spiegel, supra 843 F.2d at 45. Specifically, the MTD Order relies, in large part, upon the warrant affidavit setting forth the legal basis and scope of the search. Notably, that affidavit was authored by Humboldt County Sheriff's Office Deputy Justin Pryor – not a party to either Motion to Dismiss. FAC ¶ 57. The court's finding of jurisdiction leading to the dismissal of the First and Second Claims is absolutely dependent upon the factual averments within the affidavit that Defendants were enforcing California statutes governing cannabis cultivation and possession for sale. Averments that will be explored in detail in discovery as to the remaining Claims. This is especially true given that that there are three Plaintiffs who each allege searches and seizures with two occurring on one day and the third occurring on a different day, though only a single warrant affidavit as to a single Plaintiff's property is currently before the court.

Because of the overlap between the operative facts supporting the dismissed claims and the pending claims, applying Rule 54(b) would lead to multiple appeals and piecemeal litigation. See Wood, supra 422 F.3d at 880; see also Jordan v. Pugh, 425 F.3d 820, 827 (10th Cir. 2005) [explaining that claims are not separable if "the claim that is contended to be separate so overlaps the claim or claims that

have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the [appeals] court would have to go over the same ground that it had covered in the first appeal."] The intwined facts and law of the case requires one final judgment with one corresponding appeal that will allow the Ninth Circuit to review the case in its totality, rather than on a piecemeal basis. Thus, even if the MTD Order constitutes a final adjudication of the First and Second Claims for purposes of Rule 54(b), the risk of duplicative review and inconsistent results weigh strongly against partial judgment in this case.

### E. Entry of Judgment Under Rule 54(b) Would Be Prejudicial

Finally, entry of judgment under Rule 54(b) would be prejudicial. First, it would be prejudicial to the Mendocino Defendants a in that it would force those Defendants to litigate this matter simultaneously in both the trial and appellate courts. See Spiegel, 843 F.2d at 44. Additionally, it would severely prejudice the Humboldt Defendants. The First and Second Claims were stated against the Humboldt Defendants but they were not parties to the Motions to Dismiss and thus would not be parties on the appeal. Determination of some issues involving the Mendocino Defendants or Defendant Duryee on appeal "might result in prejudice to [the Humboldt Defendants] who would not have had an opportunity…to participate in the determination of those issues.'" Arlinghaus v. Ritenour, 543 F.2d 461, 464 (2d Cir. 1976)(per curiam).[2] Because prejudice would result to all Defendants, the Motion should be denied.

//
//
//
//

---

[2] It is unclear as to whether Defendant Duryee would have the opportunity be a party to the appeal given Defendant Duryee moved for dismissal of the First and Second Claims, but his Motion was denied as moot.

## V. **CONCLUSION**

For all the foregoing reasons, Defendants, Mendocino County Sheriff Matthew Kendall and the County of Mendocino, respectfully request that Plaintiffs Motion for Entry of Final Judgment on the First and Second Claims under Federal Rule of Civil Procedure section 54(b) be denied.

Dated: February 20, 2026       JONES MAYER

By: _____
JAMES R. TOUCHSTONE
DENISE LYNCH ROCAWICH
Attorneys for Sheriff Kendall and the County of Mendocino